IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALDINE ROMANO, | ) ) ) ) |
| Plaintiff | ) Case No.: |
| vs. | ) ) |
| BLOOM TOWNSHIP HIGH SCHOOL DISTRICT # 206, HENRY DRAKE, WILLIAM ANGELL, DONALD APRATI, PATRICIA DONAHUE, BEVERLY GONCHER, ANTHONY MURPHY, AND ROBERT ROSSI, individually and as members of the BOARD OF EDUCATION FOR BLOOM TOWNSHIP SCHOOL DISTRICT # 206 and DR. LENELL NAVARRE, individually and as Superintendent of the school district, | ) ) ) ) |
| Defendants | |

## COMPLAINT

Now comes the plaintiff, Geraldine Romano (hereinafter referred to as "Romano" or plaintiff), by and through her attorney, Steven E. Glink, pursuant to the Fourteenth Amendment to the U. S. Constitution and 42 USC 1983 and a pendant state law claim under 820 ILCS 115/1 et seq. and complaining against the defendants, state as follows.

## JURISDICTION

1. This action is brought pursuant to the Fourteenth Amendment to the U.S. Constitution, 42 USC 1983 and a pendent state claim alleged under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.
2. Jurisdiction is proper pursuant to 28 USC 1331
3. Venue is proper pursuant to 28 USC 1392.

## THE PARTIES

4. Geraldine Romano is a citizen of the United States, a resident of Cook County Illinois and is the widow of John A. Romano.
5. At all times relevant to this Complaint, at the times of the occurrences alleged herein, John A. Romano was an employee of Bloom Township High School District # 206 ("the District") and had been employed by the Board of Education ("the Board") for over 32 years until his death on September 15, 2012.
6. At all times relevant to this complaint, Dr. Lenell Navarre was employed by the Board as the superintendent of the District.
7. At all times relevant to this complaint, Henry Drake, William Angell, Donald Aprati, Patricia Donahue, Beverly Goncher, Anthony Murphy, and Robert Rossi were duly elected members of the Board.
8. At all times relevant to this complaint, the Board was a body of citizens duly authorized and empowered by state law to make all decisions necessary to effectuate the operation of the District and were policy makers/ decision makers under powers granted to them by state law.
9. On information and belief, all individual defendants reside in or are employed in Cook County Illinois.
10. The district's principal place of business is located in Cook County, Illinois.
11. All material acts related to this incident occurred in Cook County Illinois.

## FACTUAL ALLEGATIONS

12. The district is a recipient of federal and state funds.
13. All individual defendants are sued in their individual and official capacities.
14. At all times relevant to the events alleged in the complaint, all defendants acted under color of law via the power and authority of granted to them by State law.
15. At the time of his death, according to defendants, John Romano had accumulated over 41.5 unused vacation days, 158 unused sick days and 5 unused personal compensation days.
16.

17. Plaintiff claims that the defendants illegally conspired to convert and use several of his accrued vacation days as sick days so that they could avoid paying John Romano and/or his heirs what he was legally entitled to.
18. Plaintiff claims that at the time of his death, John Romano should have had 76.3 accumulated unused vacation days and approximately 122 accumulated unused sick days. The case value of John's unused accumulated vacation days is approximately $29, 376.00 based upon a per diem of $385.00.
19. At the time of his death, the district had a custom, policy and practice of allowing retiring or employees otherwise severing their employment with the district by any means other than involuntary termination to "cash out" all of their unused vacation and personal days in a lump sum payment. This custom, practice and/or policy had been in effect for over 15 years prior to John's death.
20. John was diagnosed with pancreatic cancer in 2009. The superintendent at that time, Glen Giannetti, told John that the board agreed that, if John continued to come to work every single day and declined to take time off by use of his vacation and personal days, the district's cash out policy would be implemented to allow John to get paid for all unused compensation days, without limitation, upon his severance from the district.
21. In reliance on that representation, John continued to work daily despite his serious illness.
22. At the time of John's death, Navarre had become superintendent. Upon John's death, plaintiff made a claim to the district's finance department for payment of all of John's unused vacation time. A member of the finance department was literally preparing the check for plaintiff when Navarre became aware of it and stopped it immediately.
23. Navarre's decision not to enforce the district's long standing custom practice and policy was based on his personal animus towards John and John's son, Anthony Romano, who was/is an employee of the district.

24. Navarre used his position as superintendent to convince the individual board member to deny plaintiff full payment for John's unused vacation time, which plaintiff believe to be approximately $30,000.00.
25. The individual board members were aware of Navarre's personal animus against John and Anthony Romano at the time they decided to deny plaintiff full payment.
26. Under Illinois law, unused vacation days and unused sick days are marital property. *In re Marriage of Abrell*, 236 Ill. 2d 249, 923 NE2d 791 (2010).

## COUNT I-CLASS OF ONE EQUAL PROTECTION CLAIM

27. Plaintiff realleges her allegations contained in paragraphs 1-23 above as her allegations for this count.
28. Immediately after John's death, defendants cancelled John's health insurance coverage, thereby leaving plaintiff with no health insurance coverage for herself.
29. Plaintiff was required to make various expenditures out of her own pocket for health related care and prescriptive medication due to defendants' immediate cancellation of the health insurance coverage.
30. Defendants' above-described conduct in this case or in the alternative, in changing their custom practice and policies to deny plaintiff the full compensation she is entitled to are based upon their personal animus toward the Romano family.
31. Defendants' conduct has caused plaintiff to suffer severe emotional distress.
32. Defendants unequal treatment of has placed her in a class of one as defined in *Olech v. Village of Willowbrook*, 160 F3d 386 (7th Cir., 1998) and *Esmail v. Macrane*, 53 F3d 176 (7th Cir., 1995).
33. The above described conduct by the defendants is a violation of the Civil Rights Act, 42 USC 1983.
34. As a direct and proximate result of defendants' conduct, plaintiff has been injured in that she has been denied financial compensation to which she is entitled. Plaintiff has also suffered emotional distress as a result of defendants' conduct.

Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in her favor, against the defendants, individually and jointly and severally, in an amount in excess of $100,000.00 plus costs and attorney's fees.

## COUNT II-VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (pendent state claim)

35. Plaintiff realleges her allegation contained in paragraphs 1-31 above as her allegations for this count.
36. Section two if the Illinois Wage Payment and Collection Act ("IWPCA") provides, in summary, that "final compensation" includes but is not limited to "…the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."
37. Section 5 of the IWPCA further provides that the employer shall pay the final compensation of a separated employee in full at the time of separation, if possible, but in no case later than the next regularly scheduled payday…"
38. Plaintiff has made numerous requests of the defendants for payment of al final compensation since John's death. Defendants have refused.
39. Defendants' conduct is a violation of the Illinois Wage Payment and Collection Act.

40. Section 14 of the IWPCA authorizes a private right of action that includes the imposition of attorney's fees upon the employer for violation of the Act. Wherefore, plaintiff respectfully prays that this Honorable Court enter judgment in her favor and against the defendants, individually and jointly and severally, in an amount in excess of $30,000.00 plus costs and attorney's fees.

Respectfully Submitted,

By: s/STEVEN E. GLINK
STEVEN E. GLINK

LAW OFFICES OF STEVEN E. GLINK
ATTORNEY FOR PLAINTIFF
ARDC # 6180869
3338 COMMERCIAL AVENUE
NORTHBROOK, ILLINOIS 60062
847/480-7749 (Voice)
847/480-9501 (Facsimile)